

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann

~~ATTORNEY GENERAL~~RED
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Sam L. Harrison
Criminal District Attorney
Franklin, Texas

Dear Sir:

Opinion No. O-4486
Re: Whether an alien who has applied
for naturalization papers may serve as
a school trustee.

We have received your letter of recent date requesting the opinion of this department upon the above captioned question. The individual in question has been in the United States approximately forty years, and he did not apply for his naturalization papers until the present emergency.

Article 2745, Vernon's Annotated Civil Statutes, sets forth the qualifications of trustees of common school districts. Said article provides in part as follows:

"... Providing no person shall be qualified
as trustee unless he is a property taxpayer in the
district to which he is elected and otherwise a qual-
fies (qualified) voter in said district."

We see that for a person to be qualified as a common school district trustee he must be a qualified voter.

Section 2 of Article VI, Constitution of Texas, reads in part as follows:

"Sec. 2. Every person subject to none of the fore-
going disqualifications, who shall have attained the age
of twenty-one years and who shall be a citizen of the
United States and who shall have resided in this State
one year next preceding an election and the last six
months within the district or county in which such per-
son offers to vote, shall be deemed a qualified elec-
tor. ..." (See Article 2955, Revised Civil Statutes,
1925, containing a similar provision.)

It is significant to note in this connection that this section originally contained the following clause: "... and every male person of foreign birth subject to none of the foregoing disqualifications, who, not less than six months before any election at which he offers to vote, shall have declared his intention to become a citizen of the United States in accordance with the Federal naturalization laws, and shall have resided in this state one year next preceding such election and the last six months in the county in which he offers to vote, shall also be deemed a qualified elector; ..." This section was amended in 1921, and the above quoted clause was eliminated.

Under Section 2 of Article VI as amended the alien in question would not be a qualified elector unless the fact that he has applied for his citizenship papers removes him from alien classification and makes him a citizen within the purview of this constitutional provision, in spite of the fact that the above quoted clause is no longer in the Constitution.

In the case of Coward v. Williams, (Civ. App., 1928), 4 S.W. (2d) 249, in determining whether a person born in Mexico was a qualified elector, the court had the following to say:

"... He was born in Mexico, and took out his first naturalization papers 36 years ago and never proceeded any farther, and did not have final papers. Under article 2955, Rev. Stats. 1925, among other qualifications of a voter, he must be a citizen of the United States, and by the terms of section 3750, Barnes' Fed. Code (U. S. Comp. St. § 4352), a foreigner becomes a citizen when he obtains his final papers. The second section of the paragraph cited requires the alien, in not less than 2 years nor more than 7 years after declaration of intention to apply for final papers. Santos had never applied for final papers. The evidence was quite unsatisfactory even as to first papers having been obtained. Of course, repeated voting did not make him a citizen. Santos could not identify the officer before whom he filed his declaration over 30 years ago. No Sanchez appears among the list of voters as claimed by appellants. The assignment is overruled."

See also the case of Ramsay v. Wilhelm (Civ. App., 1932, W.E. Ref.), 52 S.W. (2d) 757) wherein it was held:

"The general rule announced in 2 C.H. 1045, is that: 'Foreigners by birth are presumed to be aliens. The status of a person as to alienage, when once established, is presumed to continue until the contrary is proved.' The proof made, therefore, was sufficient to establish, prima facie, that these voters were aliens, and no attempt was made to prove the contrary.

All of these votes should have been excluded. Huff v. Duffield (Tex. Civ. App.) 251 S.W. 298; McCharen v. Mead (Tex. Civ. App.) 275 S.W. 117, 123.

"One Mexican voter, who was also an alien, was shown to be a minor at the time of the election.

"One voter, born in Greece of alien parentage, had not been naturalized.

"Another Mexican, in addition to being an alien, could not speak English, and an election judge made out his ticket for him under instructions obtained through an interpreter. This was in contravention of article 3010, R.S., which expressly forbids that such vote be counted. In addition, his vote should be excluded because he was shown to have been an alien."

See also Huff v. Duffield, 251 S.W. 298; McCharen v. Mead, 275 S.W. 117. Article 200a-3, Vernon's Penal Code; 16 Tex. Jur. 43.

In view of the foregoing you are respectfully advised that as an alien is not a qualified elector, such alien may not serve as trustee of a common school district even though he has applied for naturalization papers.

There is no statute specifically setting forth the qualifications of trustees of independent school districts. However, Article 2927, Revised Civil Statutes, deals with the qualifications of all State, county, precinct, and municipal officers, and would, therefore, cover school trustees. Article 2927 provides as follows:

" No person shall be eligible to any State, county, precinct or municipal office in this State unless he shall be eligible to hold office under the Constitution of this State, and unless he shall have resided in this State for the period of twelve months and six months in the county, precinct, or municipality, in which he offers himself as a candidzte, next preceding any general or special election, and shall have been a bona fide citizen of said county, pre-cinct, or municipality for more than six months. No person ineligible to hold office shall ever have his name placed upon the ballot at any general or special election, or at any primary election where candidates are selected under election laws of this State; and no such ineligible candi-date shall ever be voted upon, nor have votes counted for him, at any such general, special, or primary election. Acts 1895, p. 81; G. L., Vol. 10, p. 811; Acts 1919, p. 17." (Emphasis supplied)

Honorable Sam L. Harrison, Page 4 (O-4486)


        As the individual is not a citizen, he is not qualified under Article 2927 to hold office.

        It is, therefore, the opinion of this department that an alien is not qualified to serve as trustee of either a common or an independent school district, even though such alien has applied for naturalization papers.

                                Very truly yours

                                ATTORNEY GENERAL OF TEXAS

                                By s/ George W. Sparks

                                        George W. Sparks
                                        Assistant

APPROVED MAR 14, 1942
s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

GWS:mp: egw


                                Approved Opinion Committee
                                By BWB Chairman